IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SMART BUSINESS MACHINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 05-447C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court dismiss the complaint in this action for lack of subject matter jurisdiction upon the ground that the plaintiff, Smart Business Machines failed to submit a claim to the contracting officer for a final decision as required by the Contract Disputes Act, 41 U.S.C. § 605(a). Alternatively, pursuant to RCFC 12(b)(6), defendant respectfully requests tha tthe Court dismiss the complaint for failure to state a claim upon which relief may be granted.[1] In support of this motion, we rely upon the complaint and the following brief.

## QUESTIONS PRESENTED

1. Whether Smart Business Machines has complied with the jurisdictional prerequisites of 41 U.S.C. § 605(a) before filing this lawsuit.

2. Whether Smart Business Machines's complaint has stated a claim upon which relief can be granted.

---

[1]Should this Court deny this motion, the Government respectfully requests 30 days from the date of denial to file a response to the complaint.

## STATEMENT OF FACTS

On November 26, 2003, the Defense Supply Center Columbus ("DSCC") issued Purchase Order Number SP0750-04-M-D325 to Smart Business Machines for 155 spindles.[2] Complaint ("Compl.") ¶¶ 5-6. By the terms of the purchase order, the spindles were to have been delivered on or before March 30, 2004. Id. ¶ 6. This was a unilateral purchase order and Smart Business Machines did not make a written acceptance. Although Smart Business Machines began work on the spindles, it did not complete and deliver them by the March 30, 2004 delivery date. Id. ¶¶ 6-7. On April 5, 2004, because the spindles had not been delivered, the DSCC issued modification P00001 announcing that, because the Solicitation "was an offer to purchase the supplies described therein provided that delivery was made by [March 30, 2004]" and "[s]ince that date was not met, the Government's offer to purchase has lapsed. No deliveries will be accepted by the Government under this order." Id. ¶ 8. On April 5, 2005, Smart Business Machines filed its complaint initiating this lawsuit.

## ARGUMENT

As we demonstrate below, Smart Business Machines did not submit a claim for a sum certain to the contracting officer, as 41 U.S.C. § 605(a) requires for this Court to have jurisdiction. Even if Smart Business Machines had made the jurisdictionally required demand for a sum certain, its complaint does not state a claim upon which this Court would be able to grant relief.

---

[2]For the purposes of this Motion to Dismiss, the defendant relies upon all allegations as stated in plaintiff's complaint. See Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003). However, it does not admit the truth of any of its allegations and reserves the right to dispute Smart Business Machines' assertions, if necessary, at a later date.

I. This Court Lacks Jurisdiction To Entertain Smart Business Machines' Complaint

It is the plaintiff's burden to show proper jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Complaints may not assert claims that Congress did not intend to put before this Court. See, e.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

This Court's jurisdiction is limited. Dynalectron Corp. v. United States, 4 Ct. Cl. 424, 428 (1984). It can only entertain claims with regard to which the United States has waived its sovereign immunity. Testan, 424 U.S. at 399. Jurisdiction in this Court must be construed strictly and all conditions placed upon such grant must be satisfied before the Court may assert jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980).

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a), and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601, et. seq., this Court possesses jurisdiction to hear contract disputes involving the United States.[3] However, under the CDA, the Government's sovereign immunity is not waived unless a contractor has first made a written claim to the contracting officer. 41 U.S.C. § 605(a). The Federal Acquisition Regulation ("FAR") defines a claim as:

> A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising from or relating to the contract.

48 C.F.R. § 52.233-1(c)(2003). This definition of a claim is controlling for jurisdictional

[3]The CDA applies to "any express or implied contract . . . entered into by an executive agency for - (1) the procurement of property . . . [or] (2) the procurement of services . . . ." 41 U.S.C. § 602(a). The Defense Supply Center is an executive agency of the Department of Defense.

purposes. CPS Mech. Contractors, Inc. v. United States, 59 Fed. Cl. 760 (2004). In order to be deemed valid, a claim "must be (1) a written demand or assertion, (2) seeking, as a matter of right, (3) the payment of money in a sum certain." Reflectone Inc. v, Dalton, 60 F.3d 1572, 1575 (Fed. Cir. 1995). Contractors who have not met the prerequisites of 41 U.S.C. § 605 may not invoke this Court's jurisdiction. See, e.g., Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1372 (Fed. Cir. 2000); Arono, Inc. v. United States, 49 Fed. Cl. 544, 548 (2001).

Though it attempts to style its complaint as seeking declaratory relief, Smart Business Machines seeks payment for “a percentage of the agreed price . . . reflecting the percentage of work performed by Smart Business [Machines] . . . plus reasonable charges” resulting from the expiration of the purchase order. Compl. ¶ 16. Smart Business Machines argues that April 15, 2004 modification announcing that expiration of the purchase order was a “termination” that could qualify as a contracting officer’s final decision. However, this Court has noted that, “a termination decision does not constitute a final decision on a money damage claim under the CDA for jurisdictional purposes.” Deponte Investments, Inc. v. United States, 54 Fed. Cl. 112, 115 (2002) (noting that the United States Court of Appeals for the Federal Circuit, in Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987), had declared that a claim is necessary to provide “adequate notice of the basis and amount of the [plaintiff’s] claim”).

Moreover, it is long established before this Court that a plaintiff seeking payment for effort allegedly expended pursuant to a purchase order must make a claim to the contracting officer for the money to which it believes it is entitled. See Krueger v. United States, 26 Cl. Ct. 841 at 843-845 (1992). The mere fact that a purchase order has been withdrawn for lapse or

some other reason does not satisfy either the claim or the final decision requirements of 41 U.S.C. § 605(a). Smart Business Machines has not made any claim to the contracting officer stating any sum certain to which it would be entitled. Therefore, Smart Business Machines has failed to satisfy the jurisdictional prerequisites of the CDA, and this Court does not have jurisdiction to hear its complaint. Accordingly, the Court should dismiss the complaint in this lawsuit.

## II. Smart Business Machines Has Failed To State A Claim Upon Which Relief Can Be Granted

Pursuant to RCFC 12(b)(6), the Court must accept as true the facts alleged in the complaint. David v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999). However, a defendant is entitled to dismissal pursuant to RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle [it] to a legal remedy . . . accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in the claimant's favor." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### A. Smart Business Has Not Alleged The Existence Of A Valid Contract With The Government

To establish a valid contract with the United States, a plaintiff must demonstrate: 1) mutuality of intent; 2) consideration; 3) lack of ambiguity in the offer and acceptance; and 4) that the Government representative "whose conduct is relied upon [had] actual authority to bind the Government in contract." City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). This Court has held that purchase orders constitute an offer which a contractor accepts by producing "in accordance with the terms and conditions specified in the [purchase] order."

Davies Precision Machining, Inc. v. United States, 35 Fed. Cl. 651, 659 (1996). This Court, looking to other authority given how sparse litigation of purchase orders was in the Court of Federal Claims, noted that the Government's offer "is conditional on full consideration being given, and, if the contractor does not tender the complete performance requested under the terms of the offer, the offer expires and the unilateral contract may be cancelled." Id. at 660. This Court acknowledged that the purchase orders may be revived after a lapse, however, it declared that "revival of the lapsed offer requires an affirmative act on the part of the Government." Id.

The Government issued a unilateral purchase order that Smart Business Machines would have accepted by delivering the requested parts on the date in question. Smart Business Machines never signed the purchase order and never delivered the machines.[4] Smart Business Machines has not alleged that there was any Government act to revive the purchase order after March 30, 2004, passed without the order being filled. For these reasons, Smart Business Machines has only alleged a Government offer that was never filled. It has not alleged the existence of a valid contract with the Government. Therefore, plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court should dismiss the complaint.

---

[4]As the Box 16 of the Order For Supplies Or Services, included with this brief as Attachment A, confirms, Smart Business Machines did not make a written acceptance.

B. Smart Business Machines Has Not Alleged Facts That Demonstrate It Is Entitled To Relief

Smart Business Machines does not allege any facts that would show a right to relief.[5] It has not alleged any facts that invalidate the DSCC modification ending the Government's unilateral offer. It acknowledges that the purchase order in question required delivery of the goods by March 30, 2004. Compl. ¶ 6. Smart Business Machines does not dispute the truth of the final modification indicating that there had been no delivery by March 30, 2004. Therefore, Smart Business Machines has not alleged that the Government's finding that its offer had lapsed was incorrect.

Nor has Smart Business Machines demonstrated that it substantially performed the contract such that would entitle it to compensation. Whether a contractor is entitled to compensation for substantial performance "is dependent on compliance with the delivery provisions, line item specification requirements, and requirements of provisions incorporated by reference." Davies Precision Machining, 35 Fed. Cl. at 661. Where there has been a "clear and admitted" deviation from contract terms, there is no substantial performance. HLC & Assoc. Constr. Co. v. United States, 367 F.2d 586, 600, 176 Ct. Cl. 285 (1966). "Substantial performance 'is never properly invoked unless the promisee has obtained to all intents and purposes all benefits which he reasonably anticipated receiving under the contract." Franklin E.

[5]Smart Business Machines seeks damages pursuant to FAR 13.302-4(a) and (b). Id. ¶¶ 13, 16. However, Smart Business Machines does not allege that it made a written acceptance of the Government's purchase order, as required by FAR 13.302-4(a). Furthermore, its own complaint does not show that there was a "cancellation" as required for the remedies of FAR 13.302-4(b). Indeed, the DSCC modification was a recognition of the fact that the Government's original offer had "lapsed" under its own terms rather than being cancelled by some pre-emptive Government intervention. Compl. ¶ 8. Therefore, the FAR provisions under which Smart Business Machines seeks relief do not apply to the facts as it has stated them in its complaint.

Penney Co. v. United States, 524 F.2d 668, 677, 207 Ct. Cl. 842 (1975). Smart Business Machines did not deliver the goods it promised by the delivery date specified in the Government's offer. Nor does it appear that it ever produced the completed goods that the Government sought when it made the unilateral offer. It has not substantially performed the contract in this matter. For these reasons, Smart Business Machines has not stated a claim upon which this Court may grant relief.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court dismiss the plaintiff's complaint pursuant to RCFC 12(b)(1) and 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

June 14, 2005

Attorneys for Defendant

Attachment A

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2005, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt