IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SMART BUSINESS MACHINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 05-447C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC") and this Court's June 28, 2005, order, defendant, the United States, respectfully submits the following reply brief in support of its motion to dismiss. In support of this motion, we rely upon our opening brief and the following reply brief.

In our opening brief, we demonstrated that this Court only had subject matter jurisdiction over claims that had first been made to the contracting officer seeking "as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising from or relating to the contract." Def.'s Br. at 3 (citing 41 U.S.C. § 605(a) and 48 C.F.R. § 52.233-1(c)). We further demonstrated that the plaintiff, Smart Business Machines, had not made the requisite claim to the contracting officer and that the complaint should be dismissed for lack of subject matter jurisdiction.[1] Id. at 5, 8.

[1]We also argued that, even if this Court did possess subject matter jurisdiction over plaintiff's complaint, Smart Business Machines had failed to state a claim upon which relief could be granted. Def.'s Br. at 5-8. As we noted at the June 28, 2005, status conference, the Government preserves its arguments regarding the insufficiency of plaintiff's claim. As this Court noted in its June 28, 2005, order, should this Court hold that it possesses subject matter jurisdiction over plaintiff's claim, the parties shall be allowed to complete briefing of our motion to dismiss pursuant to RCFC 12(b)(6).

In the June 28, 2005, status conference, and in its response brief, Smart Business Machines has not alleged that it had not made any demand intended to satisfy the jurisdictional prerequisites of 41 U.S.C. § 605(a). Pl.'s Resp. Br. at 11-12. Instead it argues that such a demand is unnecessary and that the modification ending the Government's purchase order offer was a final decision that invokes this Court's jurisdiction. Id. Smart Business Machines asserts that we characterize the April 5, 2004, modification recognizing that the purchase order unilateral offer had lapsed as a "termination decision" by the contracting officer. Pl.'s Resp. Br. at 7 (citing Def.'s Br. at 4). However, the Government does not characterize the April 5, 2004, modification as anything other than a recognition of the fact that the unilateral offer contained in the purchase order had lapsed by its own terms. The portion of our opening brief that plaintiff cites noted that "Smart Business Machines argues that [the] April 15, 2004, modification announcing the expiration of the purchase order was a 'termination' that could qualify as a contracting officer's final decision." This was not a Government characterization of the modification, but was a description of plaintiff's position as expressed in its complaint.

Smart Business Machines' position that it is not required to make a claim to the contracting officer is at odds with long-established precedent. To support this argument, it states that this Court's decision in Deponte Investments, Inc. v. United States, 54 Fed. Cl. 112 (2002), was "wrong on the law on the day [that] it was issued." Pl.'s Br. at 10. Smart Business Machines relies upon the decision of the United States Court of Appeals for the Federal Circuit in Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1268-69 (Fed. Cir. 1999). Pl.'s Br. at 11. However, the Alliant decision held that a contractor being forced by the Government to proceed did not have to wait until the contract was performed and damages could be quantified to

bring a case in the Court of Federal Claims. 178 F.3d at 1270. Smart Business Machines ignores the fact that the Alliant court did not dispense with the requirement that the contractor make a claim as a matter of right. On the contrary, the Federal Circuit noted that the Alliant contractor had written a letter claiming that it had a right not to proceed and informing the contracting officer that, "if you disagree with our position, please consider this letter [to be] a claim and request for a final decision under the CDA." Id. at 1265. The Alliant court held that a contractor satisfied the demand requirement when a "contractor specifically assert[s] entitlement to the relief sought" in the demand. Id. Smart Business Machines' bold assertion that it is not required to make a claim to the contracting officer is negated by the Federal Circuit precedent upon which it relies.

Smart Business Machines' alternative argument that the Government's recognition that its unilateral offer to purchase goods delivered by March 30, 2004, had lapsed by April 5, 2004, was a Government claim is similarly untenable. Smart Business Machines asserts that the Government's recognition of the lapse of its unilateral offer was "a claim by the [G]overnment against a contractor relating to a contract, viz., you, Smart Business Machines, are entitled to nothing . . . ." Pl.'s Br. at 14. This amounts to a restating of the plaintiff's previously examined argument that the Government's recognition that its unilateral offer had expired was a contracting officer's final decision that could afford this Court subject matter jurisdiction. However, the contracting authority has not made any determination that Smart Business Machines is "entitled to nothing" precisely because Smart Business Machines never made any formal demand for any payment on the Government's lapsed unilateral offer. As we demonstrated above and in our opening brief, Smart Business Machines is required to submit a

claim to the contracting officer to satisfy the requirements of 41 U.S.C. § 605(a). Because Smart Business Machines has failed to submit a claim to the contracting officer for a final decision, this Court lacks jurisdiction to entertain its claim. Accordingly, the complaint should be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons stated here and in our opening brief, the defendant respectfully requests that the Court grant its motion and dismiss the complaint pursuant to RCFC 12(b)(1).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

July 14, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2005, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt