# In the United States Court of Federal Claims

No. 05-447C
(Filed: November 8, 2005)

```
* * * * * * * * * * * * * * * * * * *
                                    *
SMART BUSINESS MACHINES,            *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
* * * * * * * * * * * * * * * * * * *
```

**ORDER DENYING DISMISSAL FOR LACK OF JURISDICTION**

     This matter comes before the court on the motion by the defendant, the United States ("government"), to dismiss for lack of jurisdiction under Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the government's motion to dismiss for lack of jurisdiction is **DENIED**.

     On November 26, 2003, the Defense Supply Center Columbus of the United States Department of Defense issued Purchase Order Number SP0750-50-04-M-D325 to Smart Business Machines ("Smart") for 155 spindles. By the terms of the purchase order, the spindles were to have been delivered on or before March 30, 2004. Upon delivery, Smart was to be paid $61,535. Smart began work on the spindles, but it did not complete and deliver them by the March 30, 2004 delivery date. On April 5, 2004, the contracting officer issued a modification to the purchase order, stating that because the delivery date had not been met "the Government's offer to purchase has lapsed. No deliveries will be accepted by the Government under this order . . . ."

     On April 5, 2005, Smart filed its complaint in this court. It is not disputed that Smart did not file any claim with the contracting officer. Smart is challenging the government's April 5, 2005 decision. Smart claims that this was an unlawful termination

of the purchase order because Smart had substantially performed and had thus accepted the government's offer under the Federal Acquisition Regulations ("FAR"), 48 C.F.R. § 13.004(b) (2000) ("[T]he supplier may indicate acceptance . . . by proceeding with the work to the point where substantial compliance has occurred."). Smart seeks to set aside the government's cancellation of the purchase order on the grounds that the government failed to comply with the procedures set forth in 48 C.F.R. § 13.302-4, which provides that the government shall obtain a contractor's acceptance of the termination or cancellation of a purchase order, and if a contractor does not accept the cancellation or claims that costs were incurred under the purchase order, the contracting officer shall process the termination action in accordance with 48 C.F.R. § 52.213-4(f). Smart seeks an injunction requiring the government to proceed with the termination of the purchase order under 48 C.F.R. § 52.213-4(f), which provides that a percentage of the contract price and reasonable charges be paid to a contractor where a contract is terminated for the government's convenience.

The government moves to dismiss the complaint in its entirety for lack of jurisdiction on the grounds that Smart did not submit a claim for money to the contracting officer as required by the Contract Disputes Act, 41 U.S.C. § 605(a) (2000) ("CDA"). The government interprets the complaint as seeking money damages. The government relies on Deponte Investments v. United States, 54 Fed. Cl. 112 (2002), and Krueger v. United States, 26 Cl. Ct. 841 (1992), for the proposition that a termination decision does not constitute a final decision on a money damages claim against the government. Smart argues in response that it is not seeking money damages, but is seeking only reversal of the contracting officer's decision to "terminate" the purchase order.

On the limited question of jurisdiction, the court finds that it has jurisdiction to consider whether the cancellation of the purchase order was lawful or was an unlawful "termination." Contrary to the government's contention, the court does not read Smart's complaint as seeking money damages.[1] This court has jurisdiction over a challenge to a final decision by a contracting officer to "terminate" a purchase order.

---

[1] It is undisputed that this court has jurisdiction over nonmonetary as well as monetary claims under the Tucker Act, as amended in 1992. 28 U.S.C. § 1491(a)(2) (2000) ("The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(a) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act.") See also Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1268 (Fed. Cir. 1999) ("In defining the jurisdiction of the Court of Federal Claims over CDA disputes, Congress has chosen expansive, not restrictive language. . . . The government's argument for a restrictive definition of the term nonmonetary disputes is at odds with the open-ended language used in the statute.").

The government's reliance on Deponte and Krueger is misplaced because here there is no claim for money damages.  Where a plaintiff challenges the termination of a contract for default, the contracting officer's decision to terminate the contract constitutes a "final decision" by the contracting officer for CDA purposes.  Malone v. United States, 849 F.2d 1441, 1443-44 (Fed. Cir. 1988).  See also Deponte Investments, 54 Fed. Cl. at 116 ("The government acknowledges that the Court has jurisdiction to decide a challenge to the contracting officer's termination for default."); Arono v. United States, 49 Fed. Cl. 544, 549 (2001) ("[T]he submission of additional claims concerning the default termination is not a prerequisite to filing a complaint in this court."); K & S Constr. v United States, 35 Fed. Cl. 270, 277 ("[The] plaintiff's right to challenge the contracting officer's default termination in this court did not require it initially to contest that determination before the contracting officer . . . .").

In light of the foregoing, the court holds that it has jurisdiction over Smart's challenge to the termination of its purchase order because the contracting officer's decision to cancel the purchase order constitutes a "final decision."

Whether the cancellation of the purchase order was an unlawful termination for default remains an open question.  The government has argued in the alternative that Smart has failed to state a claim for unlawful termination under RCFC 12(b)(6).  The court had postponed briefing on the government's motion to dismiss for failure to state a claim pending the outcome of the government's motion to dismiss for lack of jurisdiction.

The parties shall finish briefing on the government's motion to dismiss for failure to state a claim.[2]  The plaintiff shall submit its response by **December 1, 2005**.  The defendant shall submit its reply by **December 16, 2005**.

**IT IS SO ORDERED.**

 s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[2] In their remaining briefs, the parties shall address Appeal of Rex Systems, Inc., A.S.B.C.A. No. 45,301, 93-3 B.C.A. ¶ 26,065,1993 WL 190365 (May 26, 1993), and whether the government's obligation to terminate a purchase order in accordance with 48 C.F.R. § 13.302-4 ends when the purchase order lapses.