IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SMART BUSINESS MACHINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Nos. 05-447C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC") and this Court's November 8, 2005, order, defendant, the United States, respectfully submits the following reply brief in support of its motion to dismiss.

In our opening brief, we demonstrated that Smart Business Machines ("SBM") had not stated a claim upon which relief could be granted. We first demonstrated that, because purchase orders constitute a Government offer which a contractor accepts by performing "in accordance with the terms . . . specified in the [purchase] order," SBM had not alleged the existence of a valid contract with the Government because SBM had not tendered the goods in question on the date specified in the purchase order. Def.'s Br. at 5-6[1] (quoting Davies Precision Machining, Inc. v. United States, 35 Fed. Cl. 651, 659 (1996)).

The Davies Precision case, which we cited to this Court in our opening brief, referred to Appeal of Rex Systems, Inc., ASBCA No. 45,301, 93-3 B.C.A. ¶ 26,065, 1993 WL 190365 (May 26, 1993). The Rex Systems case was directly comparable to the facts of this case in that the

[1] "Def.'s Br. refers to the opening brief in our motion to dismiss filed upon June 14, 2005. Similarly, "Pl.'s Br." refers to the response to our motion to dismiss for failure to state a claim which SBM filed upon November 30, 2005.

Armed Services Board of Contract Appeals held that failure to deliver at the time specified in a purchase order caused a "lapse[] without the need for any further action by [the Government]." 1993 WL 190365 at *7. ASBCA precedent is persuasive, rather than controlling, for this Court. See, e.g., Town Center Mgt. Corp. v. United States, 17 Cl. Ct. 531 (1989). However, the ASBCA in Rex Systems, relied upon the Restatement of Contracts in reiterating the basic principle that "[w]hen the date specified for performance of an offer to enter into a unilateral contract arrives, and complete performance in accordance with the terms of that offer has not been tendered, the offer lapses and terminates by virtue of the conditions stated in the offer." 1993 WL 190365 at *6. The point of our opening brief that the Government's offer terminated without an acceptance accords with the basic principles of contract law and the nature of purchase orders such as the one at issue in this case. Because it was an unsigned purchase order, and it was undisputed that SBM had not timely delivered the goods in question, SBM's complaint did not allege the existence of a valid contract.

In addition, we demonstrated that SBM had not alleged any facts that could constitute a breach on the part of the Defense Supply Center. Def.'s Br. at 7-8. SBM did not dispute that the purchase order required delivery by March 30, 2004, and that SBM failed to produce the goods by that point. We established in our opening brief that a "clear and admitted" deviation from contract terms precludes a claim of substantial performance. Def.'s Br. at 7 (quoting HLC Assoc. Constr. Co. v. United States, 367 F.2d 586, 600, 176 Ct. Cl. 285 (1966)). We also established that "[s]ubstantial performance 'is never properly invoked unless the promisee has obtained to all intents and purposes all benefits which he reasonably anticipated receiving under the contract." Franklin E. Penney Co. v. United States, 524 F.2d 668, 677, 207 Ct. Cl. 842

(1975). Given that SBM's complaint concedes that the Defense Supply Center did not receive the goods in question by March 30, 2004, as the purchase order specified, SBM has not alleged a breach on the part of the Defense Supply Center.

In its response to our motion to dismiss, SBM argues that the Goverent's offer could not lapse because SBM had substantially performed the contract. Pl.'s Br. at 6-7.[2] The doctrine of substantial performance might be appropriate if the Government led a contractor to believe that it could continue work after failing to timely perform. State of Florida, Dept. of Insurance v. United States, 81 F.3d 1093, 1096 (Fed. Cir. 1996). However, such is not alleged in this case. Moreover, substantial performance is not supposed to be used to alter the basic terms of a Government offer. See PCL Constr. Servs., Inc. v. United States, 47 Fed. Cl. 745, 810 (2000) (noting that the substantial performance doctrine is "never properly invoked unless the promisee has obtained to all intents and purposes all benefits which he reasonably anticipated receiving under the contract" and refusing to apply the substantial performance doctrine to uncompleted work). In this case, SBM's failure to deliver any goods would preclude a finding that it had substantially performed the contract.

In addition, the Davies Precision case, which we cited in our opening brief, noted that acceptance is required for substantial performance to be applicable. 35 Fed. Cl. at 661. As we noted in our opening brief, acceptance of an unsigned purchase order occurs when the contractor timely supplies goods according to the terms of that purchase order. Def.'s Br. at 5-6 (quoting

[2] SBM continued to assert its right to remedies under 48 C.F.R. § 13.302-4. Pl.'s Br. at 5. However, it did not disprove the fact, which we noted in our opening brief, that this provision relates to Government cancellations of existing contracts, rather than cases in which a Government's unilateral offer had expired without an acceptance through performance.

Davies Precision, 35 Fed. Cl. at 659). SBM merely claims that Davies Precision and Rex Systems were at odds with the Federal Acquisition Regulation ("FAR"), without citing authority to support its proposition. Pl.'s Br. at 7. SBM asserts that the concept of "lapse" is "unknown to the [FAR]." Id. However, as we demonstrated above and in our opening brief, acceptance of a unilateral purchase offer is effectuated by timely compliance with the terms of the unilateral offer. Therefore, although the word "lapse" may not be the term used by the FAR, the finding that an offer is defunct when its terms are not met has been accepted by this Court and accords with basic contract law. Davies Precision Machining, 35 Fed. Cl. at 659; Rex Systems, 1993 WL 190365 at *6 (citing Restatement of Contracts).

Alternatively, SBM argues that, because of the March 19, 2004 factory visit, the Government is "estopped" from acknowledging the lapse of the purchase order. Pl.'s Br. at 7-12. However, the case it relies upon to support its argument, Emeco Indus., Inc. v. United States, 202 Ct. Cl. 1006, 485 F.2d 652 (1973), involved a contractor that continued preparations to produce all of a good because it did not know of a Government plan to order the remainder of goods from another source. The Emeco court noted that estoppel is possible only when 1) the party to be estopped is aware of a situation; 2) the estopped party intends his actions to be acted upon; 3) the party asserting estoppel is ignorant of the true facts; and 4) the party asserting estoppel relies upon the estopped party's conduct to his detriment. 485 F.2d at 657. However, SBM's complaint mentions the March 19, 2004, visit with a conclusory statement that the Government was aware that SBM had substantially performed the contract. However, there is no allegation that the Government representative led SBM to believe that late delivery would be acceptable or that the Government knew anything of which SBM was unaware. It's complaint does not allege

any reason that the Defense Supply Center would be estopped from acknowledging the lapse of the purchase order when SBM failed to make delivery according to the terms of that purchase order.

## CONCLUSION

For the reasons stated here and in our opening brief, the defendant respectfully requests that the Court grant its motion and dismiss the complaint pursuant to RCFC 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

December 16, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2005, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt